STATE OF WEST VIRGINIA

FILED
April 24, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LEO R. ROUPE,**
**Claimant Below, Petitioner**

**vs.)   No. 12-1204** (BOR Appeal No. 2046969)
                    (Claim No. 2004035724)

**MCELROY COAL COMPANY,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Leo R. Roupe, by Sue Anne Howard, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. McElroy Coal Company, by Edward M. George III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 17, 2012, in which the Board affirmed a February 6, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 22, 2011, decision which denied a request to reopen the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Roupe, a coal miner, developed compensable carpal tunnel syndrome in the course of his employment on February 24, 2004. A December 30, 2004, Social Security Administration decision awarded Mr. Roupe disability benefits based upon severe impairments to his neck, back, and elbow. On June 3, 2008, the claims administrator approved Mr. Roupe's request for left carpal tunnel release with postoperative care and physical therapy. He thereafter requested that his workers' compensation claim be reopened for additional temporary total disability benefits. That request was denied by the claims administrator on September 30, 2008. The Office of

1

Judges affirmed the claims administrator's decision in a June 5, 2009, Order. It found that Mr. Roupe was retired and therefore ineligible to receive temporary total disability benefits under West Virginia Code of State Rules § 85-1-5.2 (2009). The Board of Review affirmed the Office of Judges' Order in a February 23, 2010, decision.

Mr. Roupe again requested that the claim be reopened for temporary total disability benefits. The claims administrator denied his request on August 22, 2011. The Office of Judges affirmed the decision in its February 6, 2012, Order. It found that the issue had already been fully litigated. The Board of Review denied a request to reopen the claim on February 23, 2010, and that decision was never appealed. Mr. Roupe argued before the Office of Judges that the claims administrator's August 22, 2011, denial should be reversed, because the denial was based upon his retirement. He asserted that his claim should be reopened because *Bevins v. West Virginia Office of Ins. Com'r*, 227 W.Va. 315, 708 S.E.2d 509 (2010) invalidated West Virginia Code of State Rules § 85-1-5.2, and he was therefore entitled to receive both workers' compensation and Social Security benefits.

McElroy Coal Company argued that *Bevins* is distinguishable from the present case because not only is Mr. Roupe receiving Social Security disability benefits, he is also retired and receiving a retirement pension. McElroy Coal Company noted that he filed an injury report after he retired and did not receive temporary total disability benefits for his injury. Mr. Roupe's first request was made nearly five years prior, he has not returned to work, and according to his Social Security Disability Decision, he is unable to return to work.

The Office of Judges found that the period for which Mr. Roupe requested temporary total disability benefits is the same period for which he previously requested them. It held that the issue was fully litigated through the Board of Review. The only change in the case the Office of Judges found was the *Bevins* decision. The facts of the case remained the same. Accordingly, it held that Mr. Roupe's issue has been fully litigated and is barred by res judicata and collateral estoppel.

The Board of Review affirmed the Office of Judges' February 6, 2012, Order in its September 17, 2012, decision. However, it declined to adopt the Office of Judges' conclusion of law regarding collateral estoppel and res judicata. It found that *Bevins* states that a claimant may simultaneously receive Social Security and workers' compensation benefits for the same compensable injury. In this case, Mr. Roupe is receiving Social Security disability benefits for his back, neck, and elbow. He is not receiving benefits for his compensable carpal tunnel syndrome. Also, the Social Security Administration found that he has not worked since March 15, 2003, which is prior to the date he applied for temporary total disability benefits in this case.

This Court finds that both the Office of Judges and Board of Review were correct in their reasoning and conclusions. In *Bevins*, this Court merely stated that a claimant may simultaneously receive both workers' compensation and Social Security benefits. *Bevins* did not invalidate West Virginia Code of State Rules § 85-1-5.2. *Bevins* has no bearing in this case, because Mr. Roupe is not receiving Social Security disability benefits for his compensable injury. Additionally, Mr. Roupe's request is barred by res judicata and collateral estoppel.

2

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: April 24, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3